UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHNNY GANT, | ) |
| Plaintiff, | ) ) ) |
| | ) 3 08 1174 |
| v. | ) No. 3:08mc0270 |
| | ) Judge Campbell |
| EDP REPORTING, | ) |
| Defendants. | ) ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Davidson County, Tennessee. He brings this action against EDP Reporting of Sherman Oaks, California. The plaintiff seeks five thousand seventy-six dollars ($5,076.00) in total damages against EDP.

The plaintiff applied for a credit card on the internet. (Docket Entry No. 1, ¶ 4, p. 2) The plaintiff alleges that the application was deceptive, and that he was deceived into applying for a credit card he did not want. The plaintiff brought this claim after he experienced problems in obtaining a refund when he cancelled the credit card.

Although *pro se* complaints are to be construed liberally by the court, *see Boag v McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B).

The district court is a court of limited jurisdiction, with jurisdiction to adjudicate civil actions involving federal questions, 28 U.S.C. § 1331, and/or civil actions involving parties with diversity of citizenship where the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), 28 U.S.C. § 1332. Before an action may proceed in district court, it must be

determined whether the complaint falls within the scope of the district court's subject matter jurisdiction. The district court is obliged to consider the matter of jurisdiction, *sua sponte* if necessary. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

The plaintiff brings this action – his twenty-fourth case in this Court – under § 223.3 of the Model Penal Code (MPC). The MPC is not federal law. The plaintiff also brings this action under §§ 4.2.9, 4.3.3, and 4.3.3.1 of a learned treatise on deceptive commercial practices. Sheldon, Jonathan & Carter, Carolyn L., *Unfair and Deceptive Acts and Practices*, §§ 4.2.9, 4.3.3, 4.3.3.1, pp. 153-155, 195-196 (6th ed. 2004) and pp. 54, 71-72 (2007 Supp.). The treatise also does not constitute federal law. For these reasons, § 1331 is inapplicable to the complaint.

As previously noted, the plaintiff seeks only $5,076.00 in damages from EDP. The amount of damages sought by the plaintiff is well below the $75,000.00 amount in controversy required to bring an action in diversity. Accordingly, § 1332 also does not apply.

For the reasons explained above, the Court does not have subject matter jurisdiction in this case. Therefore, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge